# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO. 1:19-CV-84-GCM

| | |
|---|---|
| **ROBERT EUGENE MEYER, JR.,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER**<br>) |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court upon Robert Eugene Meyer, Jr.'s Motion for Summary Judgment (Doc. No. 9) and the Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 12). Having carefully considered those motions, accompanying memoranda, and the Administrative Record (Doc. No. 8), the Court enters the following findings, conclusions, and Order.

**I.**     **Background**

On September 10, 2015, Robert Eugene Meyer, Jr. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging a disability onset date of February 8, 2013. (Doc. No. 8-1, at 14). The applications were denied, first on October 12, 2015 and then upon reconsideration on December 14, 2015. (Doc. No. 8-1, at 14). Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Doc. No. 8-1, at 23). That request was granted. (Doc. No. 8-1, at 23).

In evaluating Plaintiff's alleged disability, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. (Doc. No. 8-1, at 16).

The ALJ also engaged in a five-step sequential review pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v). (Doc. No. 8-1, at 16-23). As a part of that review, the ALJ determined that: (1) Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability; (2) Plaintiff had a severe impairment (degenerative disc disease of the lumbar spine) and non-severe impairments; (3) Plaintiff's impairment or combination of impairments did not meet the severity of those listed in 20 CFR 404, Subpart P, Appendix 1; and (4) given Plaintiff's residual functional capacity ("RFC"), he was capable of performing past relevant work as an assistant manager. (Doc. No. 8-1, at 16-23). Because Plaintiff could perform past work, the ALJ's analysis ended at step four of the sequential review, and the ALJ held that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's disability applications. (Doc. No. 8-1, at 23).

Plaintiff requested review of that decision by the Appeals Council ("AC") on March 15, 2018. (Doc. No. 8-1, at 5). The Appeals Council denied that request on January 10, 2019, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). (Doc. No. 8-1, at 5). Thereafter, Plaintiff timely filed this action, seeking judicial review of the Commissioner's decision. (Doc. No. 1).

## II.     Standard of Review

Judicial review of a final decision of the Commissioner is authorized pursuant to 42 U.S.C. § 405(g), but review is limited to consideration of (1) whether the Commissioner applied the correct legal standards and (2) whether substantial evidence supports the Commissioner's decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## III. Discussion

Plaintiff presents two issues for review, both of which, according to Plaintiff, provide a basis for remand. First, Plaintiff argues that the ALJ erred when it determined that Plaintiff's mental impairments were not severe. Second, Plaintiff argues that the ALJ was not appointed in accordance with the Appointments Clause. The Court addresses both issues in turn.

### A. Severity of Plaintiff's Mental Impairments

Plaintiff argues that substantial evidence did not support the ALJ's determination that Plaintiff's mental impairments—affective disorder and anxiety disorder—were not severe. The Commissioner must support its decision with substantial evidence. *See Hays*, 907 F.2d at 1456. Substantial evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations and internal quotations omitted). When reviewing for substantial evidence, courts should not "reweigh conflicting evidence, make credibility determinations, or substitute [a court's] judgment for that of the ALJ." *Id.* (citation and internal quotations omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ," not courts. *Id.* (citations and internal quotations omitted). Further, a decision can be supported by substantial evidence even if an ALJ does not refer to every piece of evidence in his decision. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Indeed, the ALJ is required only to "build an accurate logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

Here, the ALJ "considered the four broad areas of mental functioning" when determining that Plaintiff's affective disorder and anxiety disorder were non-severe. (Doc. No. 8-1, at 17). Those areas are: (1) understanding, remembering or applying information, (2) interacting with

others, (3) concentrating, persisting or maintaining pace, and (4) adapting or managing oneself. (Doc. No. 8-1, at 17) (citing 20 CFR, Part 404, Subpart P, Appendix 1). Regarding the first, the ALJ determined that Plaintiff had no limitation. (Doc. No. 8-1, at 17). When reaching that conclusion, the ALJ cited to Plaintiff's statement that he did not need reminders to take care of his personal needs or to take medicine, a mental status examination showing that Plaintiff was alert and oriented to time, place and person, Plaintiff's ability to do basic mathematics, another mental status examination showing that Plaintiff was "normal," and Plaintiff's ability to work full time. (Doc. No. 8-1, at 17). All of that evidence relates to Plaintiff's ability to use information, demonstrating that the ALJ built a logical bridge from the facts to his conclusion.

Regarding the second area of mental functioning—Plaintiff's ability to interact with others—the ALJ also determined that Plaintiff had no limitation. (Doc. No. 8-1, at 17). Again, the ALJ built a bridge from the facts to his conclusion, citing to Plaintiff's statements that he spent time with "other people interacting socially. . . [and] did not have any problems getting along with other[s]" as well as to the fact that he worked full time. (Doc. No. 8-1, at 17). Regarding the third area of mental functions—Plaintiff's ability to concentrate, persist, or maintain pace—the ALJ determined that Plaintiff had a mild limitation, weighing Plaintiff's statements that he had difficulty with concentration and task completion against multiple mental status exams showing that he was oriented to time, place and person, had intact judgment and insight, and "showed no limitations." (Doc. No. 8-1, at 17). The ALJ also noted that Plaintiff was working full time, providing ample support for his conclusion that Plaintiff was only mildly limited. Regarding the fourth area of mental functioning—adapting or managing oneself—the ALJ determined that Plaintiff had no limitation. (Doc. No. 8-1, at 18). In support, the ALJ cited to Plaintiff's statements that he took care of his elderly and ill father (as well as his pets) and that he independently handled

his finances. The ALJ also cited to various medical exhibits and to the fact that Plaintiff worked full time. (Doc. No. 8-1, at 18).

Plaintiff's issue with the ALJ's analysis is primarily that other evidence (some of which was not cited by the ALJ) supports a conclusion that Plaintiff's disorders were severe. However, even if Plaintiff is correct, this Court may not reweigh the evidence and substitute its judgment for the ALJ's. *See Hancock*, 667 F.3d at 472. Further, the ALJ is not required to cite each piece of evidence in the record. *See Reid*, 769 F.3d at 865. The ALJ is required only to build a logical bridge from the evidence to his conclusion, which he did. *Monroe*, 826 F.3d at 189. Thus, this court holds that Plaintiff's argument is without merit.

### B. Improper Appointment of the ALJ

Plaintiff also argues that the ALJ was not properly appointed in accordance with the Appointments Clause. (Doc. No. 10, at 12). However, this Court need not address that argument on its merits because it was not timely raised. Only "one who makes a timely challenge" to the constitutional validity of an appointment is entitled to relief. *See Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044, 2055 (2018). To be timely, a challenge to an ALJ's appointment must be made at the administrative level. *See Lamb v. Berryhill*, No. 1:18-CV-00202-MOC, 2019 U.S. Dist. LEXIS 150070, at *7 (W.D.N.C. Sep. 3, 2019); Britt v. Berryhill, No. 1:18-CV-30, 2018 U.S. Dist. LEXIS 202913, 2018 WL 6268211, at *2 (W.D.N.C. Nov. 30, 2018) (holding that a plaintiff forfeited his appointments claim "by failing to raise it during his administrative proceedings"); *Meadows v. Berryhill*, No. 7:18-CV-17-BO, 2019 U.S. Dist. LEXIS 29311, at *7 (E.D.N.C. Feb. 23, 2019) (deeming a plaintiff's argument that the ALJ was not properly appointed waived because it had not been raised at any point in the administrative proceedings); *see e.g.*, *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38, 73 S. Ct. 67, 97 L. Ed. 54 (1952)

(holding that parties may not wait until they are in court to challenge agency appointments); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23, 132 S. Ct. 2126, 183 L. Ed. 2d 1 (2012) (requiring a plaintiff to exhaust her constitutional claim before seeking review in federal court). Here, Plaintiff failed to raise this argument below and, consequently, waived it.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgement is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the decision of the Commissioner **AFFIRMED**. Accordingly, this action is **DISMISSED**.

**SO ORDERED.**

Signed: March 31, 2020

Graham C. Mullen
United States District Judge